GARDEN STATE RACING ASSOCIATION, PROSECUTOR, v. NEW JERSEY RACING COMMISSION ET AL., DEFEND-ANTS.

Argued July 25, 1946—Decided July 29, 1946.

For the prosecutor, *Samuel P. Orlando.*

For the defendants, *Walter D. Van Riper.*

DONGES, J.    This matter is before the court on notice of an application for a writ of *certiorari* "to review the action of the New Jersey Racing Commission taken to enforce and collect the additional taxes imposed upon the Garden State Racing Association, under chapter 169, *Pamph. L.* 1946 (*R. S.* 5:5–64)."

This statute imposes a tax upon the so-called breakage which arises by reason of the calculations of the pari mutuel system of betting conducted at horse race tracks, and differentiates between the amount of such tax to be paid by horse tracks during their first two years of operation and those operated longer than two years, the prosecutor's track being the only one in the state that has presently operated more than two years.    This is asserted by prosecutor to be illegal discrimination and in contravention of our state constitution and the federal constitution.

The Attorney-General *in limine* raises the point that there is in existence no judgment, resolution, determination or action taken by the defendant Racing Commission which can be the subject of review by *certiorari*, and it seems to me that

this objection is well taken. The form of writ submitted calls for certification of "said action, determination, finding of facts and construction of said statute," but the affidavit does not point out or allege the existence of any action or determination, or that there has been any hearing or finding of facts, and it is clear that a construction of a statute allegedly adopted by an administrative body is not subject to the issuance of a writ of *certiorari*. The affidavit alleged that the Commission is preparing to collect from the prosecutor, at its next horse race meeting, the taxes imposed by the statute, and that it has not collected or demanded of Monmouth Park Jockey Club taxes at the same rate which it plans to assess against the prosecutor.

It was said for the Court of Errors and Appeals in *Clay* v. *Civil Service Commission*, 89 *N. J. L.* 194, "it is sufficient for the disposition of the matter to reiterate what was said by Mr. Justice Garrison, speaking for the Supreme Court, in the case of *Newark* v. *Fordyce et al.*, viz.: 'A writ of *certiorari* will not lie to revise or correct erroneous opinions, however hurtful they may be to individuals concerning whom they are expressed. An order, judgment or determination affecting the rights of the prosecutors is necessary as a foundation for the use of the writ.' 88 *N. J. L.* 440." To the same effect are the cases of *State, Elder, Prosecutor,* v. *Medical Society,* 35 *N. J. L.* 200; *Watson* v. *Medical Society,* 38 *Id.* 377; *Drake* v. *Plume,* 44 *Id.* 362; *Newark* v. *Fordyce,* 88 *Id.* 440. In the recent case of *Morgan* v. *Burnett,* 121 *Id.* 352, the same language was used by Mr. Justice Heher, who further said that *certiorari* "cannot be used to draw judicial opinions in advance or to affect adjudications of subordinate tribunals."

*Public Service Railway Co.* v. *City of Camden,* 95 *N. J. L.* 190, relied upon by prosecutor, differs from the situation in the instant case in that, although *final* action had not been taken against the prosecutor by the city, there had been adopted a resolution looking toward such action and that resolution was the subject-matter of the *certiorari*. Here there is no action at all, preliminary or final, to which the prosecutor points. There is merely the expectation that the Commis-

sion will demand taxes in accordance with the statute. What is really sought to be done is to make a direct attack upon the constitutionality of the statute in advance of any judgment or determination under it affecting the rights of the prosecutors, and I think this may not be done. The situation is not akin to those cases where the writ goes in the early stages of a proceeding to challenge the jurisdiction of a lower tribunal, because here the question is not one of jurisdiction but of the validity of a statute on constitutional grounds.

There being nothing pointed out in the moving papers which, in my opinion, could be the proper subject of review by *certiorari*, the application is denied.